```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 18 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Errant Gene Therapeutics, LLC,

　　　　　Plaintiff,

　　—v—

Sloan-Kettering Institute for Cancer Research,

　　　　　Defendant.

---

15-CV-2044 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

　　Plaintiff Errant Gene Therapeutics, LLC ("Errant Gene") initiated this action, which arises out of a licensing agreement for gene therapy patent rights, on March 18, 2015. Following approximately 19 months of litigation, including motion to dismiss practice and substantial discovery overseen by Magistrate Judge Ellis, Errant Gene now moves pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss this action without prejudice for lack of subject matter jurisdiction, asserting that it intends to refile its claims in state court. For the reasons that follow, Errant Gene's motion is GRANTED.

**I.　Background**

　　It is undisputed that the sole basis for the Court's subject matter jurisdiction over this lawsuit, as alleged by Errant Gene, is diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Amended Verified Complaint, Dkt. No. 16, ¶ 11. In light of that fact and pursuant to Rule 4.C. of this Court's Individual Practices in Civil Cases, Errant Gene submitted a letter on April 7, 2016, in advance of the initial pretrial conference, advising the Court of the following facts relevant to its allegations of jurisdiction:

1

> Plaintiff is a Delaware limited liability company that maintains its principal place of business in Illinois. **None of the members of Plaintiff are New York citizens.** The Manager of Plaintiff is a Delaware corporation with its principal place of business in Illinois. The individual members of Plaintiff are domiciled in Illinois, Minnesota, California, Delaware, New Jersey, Connecticut, and Florida. **With respect to members of Plaintiff that are limited liability companies, none of their members are domiciled in New York.** With respect to the member of Plaintiff that is [a] corporation, the corporation was organized in Connecticut and has a principal place of business in Connecticut.

Dkt. No. 47 at 1 (emphasis added). On the basis of those representations, the Court continued to exercise subject matter jurisdiction over this action.

On October 28, 2016, nearing the original deadline for the completion of fact discovery,[1] Errant Gene abruptly submitted a motion to dismiss. In support of its motion, it summarily asserted that "[o]ne of its 68 members is a limited liability company whose members include citizens of New York," and, as such, its representations to the contrary in the April 7, 2016 letter were "inaccurate" and "diversity jurisdiction does not exist." Dkt. No. 99 ¶ 1.

Defendant Sloan-Kettering Institute for Cancer Research ("SKI") opposed the motion. *See* Dkt. No. 107. It characterized the timing as "suspect," citing both Errant Gene's purported failures to provide repeatedly requested disclosures concerning its membership and ownership as well as the motion's filing at a time when Errant Gene purportedly knew that a sanctions motion by SKI alleging violations of a protective order entered by Judge Ellis was forthcoming. *See* Dkt. No. 107 at 2-3.[2] SKI urged the Court to deny Errant Gene's dismissal application for failure to comply with Local Rule 7.1(a)'s requirement that all motions be accompanied by supporting memoranda of law and factual submissions, specifically highlighting the absence from Errant

---

[1] Judge Ellis had granted a 60-day extension approximately two weeks earlier. *See* Dkt. No. 94.
[2] SKI filed its motion for sanctions on November 3, 2016. *See* Dkt. No. 100.

Gene's perfunctory papers "of any information concerning the timing and circumstances of [Errant Gene's] purported discovery that the Court lacks jurisdiction." *Id.* at 3-4. Alternatively, SKI sought denial on the merits, noting, correctly, that diversity of citizenship jurisdiction depends upon the citizenship of the parties at the time an action is commenced, and arguing that Errant Gene's representations in support of its motion addressed only its citizenship as of the time of the motion itself. *Id.* at 4. Finally, SKI requested that the Court order Errant Gene and its counsel to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11(c) for certifying to the Court that diversity jurisdiction existed without (purportedly) conducting the requisite reasonable inquiry. *Id.* at 5.

In response, Errant Gene filed a "corrected" notice of motion to dismiss, accompanied by a brief memorandum of law in support and declarations by two of its counsel, including lead trial counsel. Dkt. Nos. 108-109. Although light on specifics and hardly models of clarity, the supporting submissions, taken together, appear to aver that counsel to Errant Gene learned in late October 2016 (under unspecified circumstances) that at least one member of one or more of the limited liability company members of Errant Gene was a citizen of New York at the time this action was initiated. Dkt. Nos. 108-1, 108-2. The inaccurate jurisdictional representations contained in Errant Gene's April 7, 2016 letter were, according to a declaration submitted by the letter's drafter, "mistake[s]" based on counsel's review of Errant Gene's membership list as of March 2015 (the month the original complaint was filed), which incorrectly listed at least one individual member of a limited liability company member of Errant Gene as residing in Delaware, when he in fact resided – and continues to reside – in New York. Dkt. No. 108-1.

SKI renewed its opposition in response to Errant Gene's "corrected" motion papers, arguing that the papers (i) failed to definitively clarify whether the pertinent individuals were

*domiciliaries* (as opposed to merely *"residents"*) of New York as would be required to nullify diversity jurisdiction, (ii) lacked declarations with specific statements by persons with direct knowledge of the relevant underlying facts, and (iii) included insufficient particulars regarding Errant Gene's original inquiry into its own citizenship and subsequent discovery of the purported jurisdictional defect. *See* Dkt. No. 117.

On reply, Errant Gene proffers additional detail. Critically, it submits, among other things, a declaration from Charles Columbus, an individual member of Errant Gene itself since 2009 as well as a member of two limited liability company members of Errant Gene since 2008 and 2014, respectively. Dkt. No. 119. Mr. Columbus' declaration explains, with supporting detail, that he is a citizen of New York and has been so since 1980. *Id.* Errant Gene also represents – and Mr. Columbus confirms – that the error in Errant Gene's original assessment of its citizenship derived from the fact that Mr. Columbus was listed in Errant Gene's company records as residing in Delaware, where he received tax-related correspondence and other mail at a business office maintained by one of the other two limited liability companies with which he is affiliated. *Id.* at 1-2; Dkt. No. 120 at 2-3.

## II. Discussion

"Diversity jurisdiction requires that all of the adverse parties in a suit be completely diverse with regard to citizenship." *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (internal quotation marks and ellipsis omitted); *see also Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). SKI is undisputedly a citizen of New York for purposes of diversity jurisdiction. The citizenship

of Errant Gene, a limited liability company, "depends on the citizenship of all its members." *Quantlab Fin., LLC, Quantlab Techs. Ltd. (BVI) v. Tower Research Capital, LLC*, 715 F. Supp. 2d 542, 547 (S.D.N.Y. 2010); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (noting that defendant, as a limited liability company, "takes the citizenship of each of its members").

Crediting the representations of counsel and – equally or more important – of Mr. Columbus, all made upon penalty or perjury, Errant Gene had at least one individual member (Mr. Columbus) who was a citizen of New York at the time this action was commenced and at least two limited liability company members that, by virtue of the citizenship of at least one of their own individual members (Mr. Columbus), were citizens of New York at the time this action was commenced. Accordingly, Errant Gene, by extension, was a citizen of New York at the time this action was commenced, and the Court lacked diversity jurisdiction. Under the circumstances, the Court has no choice but to GRANT Errant Gene's motion. Accordingly, this action is DISMISSED without prejudice to refile in state court.

Notwithstanding its dismissal of the underlying action, however, "the Court retains the authority to decide collateral issues such as the appropriateness of sanctions." *See ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 80-81 (S.D.N.Y. 2016); *see also Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395-96 (1990) (observing that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending," including awards of costs and fees and imposition of Rule 11(c) sanctions). Rule 11(c), among other things, authorizes a court, on its own initiative, to order "an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Rule 11(b) in turn provides that "[b]y presenting to the court a pleading, written

motion, or other paper" an "attorney . . . certifies," among other things, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the "legal contentions are warranted by existing law" and the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b) & (b)(2)-(3).

Particularly in light of Errant Gene's somewhat imprecise descriptions of both its original inquiry into its citizenship and its recent discovery of the lack of diversity (not to mention its rather sluggish presentation of the pertinent facts to the Court), it is hereby ORDERED that Errant Gene and its counsel show cause, within 14 days, why Errant Gene and/or its counsel should not be sanctioned pursuant to Rule 11(c) for misrepresenting to the Court, in sum and substance, that Errant Gene was not a citizen of New York for purposes of diversity jurisdiction and allowing the litigation to proceed for months on the basis of that inaccurate statement. *See* Dkt. No. 47 (April 7, 2016 Letter making such representation). SKI may file responsive papers within 7 days of Errant Gene's submission, and Errant Gene may file any reply within 3 days of any filing by SKI.

### III.   Conclusion

For the foregoing reasons, Errant Gene's motion to dismiss is GRANTED without prejudice to refile in state court. The parties shall file submissions regarding the propriety of sanctions against Errant Gene in accordance with the schedule set forth above. In light of that separate briefing schedule, SKI's request for leave to file a sur-reply concerning sanctions in opposition to Errant Gene's motion to dismiss is DENIED as moot. *See* Dkt. No. 122. The status conference currently scheduled for January 20, 2017 is hereby adjourned.

SO ORDERED.

Dated: January 18, 2017
       New York, New York

_____
ALISON J. NATHAN
United States District Judge