UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Errant Gene Therapeutics, LLC,

    Plaintiff,

—v—

Sloan-Kettering Institute for Cancer Research,

    Defendant.

15-CV-2044 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On January 18, 2017, the Court required Plaintiff Errant Gene Therapeutics, LLC ("Errant Gene") and its counsel to show cause why Errant Gene and/or its counsel should not be sanctioned pursuant to Rule 11(c) for misrepresenting that Errant Gene was not a citizen of New York for purposes of diversity jurisdiction. Dkt. No. 124 at 6. After receiving briefing from both parties on that question, the Court concludes that sua sponte sanctions are not warranted.

I.   BACKGROUND

The Court has recited the facts of this action elsewhere and assumes the parties' familiarity therewith. *See* Dkt. No. 124. The Court briefly describes the background of this case before turning to the instant issue.

Errant Gene first filed a complaint in this action on March 18, 2015. *See* Dkt. No. 1. The only basis for the Court's subject matter jurisdiction over this lawsuit was diversity of citizenship pursuant to 28 U.S.C. § 1332. On October 28, 2016, Errant Gene submitted a motion to dismiss the action, asserting that one of its members was a limited liability company whose members include citizens of New York, the same state where Defendant Sloan-Kettering Institute for Cancer Research ("SKI") is a citizen. Dkt. No. 99 at ¶ 1.

1

On January 18, 2017, the Court granted Errant Gene's motion to dismiss this action without prejudice for lack of subject matter jurisdiction. Dkt. No. 124. The Court explained that because Errant Gene had at least one individual member who was a citizen of New York at the time this action was commenced and at least two limited liability company members that were citizens of New York at the time this action was commenced, Errant Gene was a citizen of New York at the time the action was commenced. *Id.* at 5. Accordingly, the Court lacked diversity jurisdiction.

The Court thus granted Errant Gene's motion to dismiss, but it also ordered Errant Gene and its counsel to show cause why Errant Gene and/or its counsel should not be sanctioned pursuant to Rule 11(c) for misrepresenting to the Court the existence of diversity between the parties. *Id.* at 6.

In response to the Order to Show Cause, Errant Gene's counsel have sought to explain how the "incorrect determination that diversity of jurisdiction existed" was made. Dkt. No. 131 at 3. Kenneth Sussmane, one of the attorneys representing Errant Gene, acknowledges that it was his "responsibility to determine whether diversity jurisdiction existed in this action." Dkt. No. 139 at ¶ 8. According to Sussmane, he "first addressed the question of diversity" in 2011. *Id.* at ¶ 7; Dkt. No. 138 at 8-9; Dkt. No. 140 at 2. Then, in advance of a conference before this Court, Sussmane requested from Errant Gene a copy of its books and records showing Errant Gene's members and their residences. Dkt. No. 139 at ¶¶ 8-9. The document that Sussmane received did not list a New York address for any member; instead, those records showed that one of the company's members, Charles Columbus, was a Delaware resident. Dkt. No. 131 at 3; Dkt. No. 139 at ¶ 10. Sussmane relied on that list in filing a letter regarding jurisdiction on April 6, 2016. Dkt. No. 139 at ¶ 9. During document discovery in October 2016, counsel learned that

2

Columbus was in fact a New York resident. Dkt. No. 131 at 3; Dkt. No. 139 at ¶ 13. Similarly, Sussmane had an "understanding" that Sam Salman, the president of Errant Gene and a member of a limited liability company that was itself a member of Errant Gene, "owned his membership interest in [the limited liability company] through a corporation that was not a citizen of New York." Dkt. No. 131 at 4; *see also* Dkt. No. 139 at ¶ 13 ("[I]t was my understanding that [Salman] owned an interest in a corporation that was not a New York citizen, which in turn owned a membership interest in [the limited liability company]."). In fact, Salman, a resident of New York, owned his membership interest directly. Dkt. No. 131 at 4. Shortly after learning of the jurisdictional defects, Errant Gene filed a motion to dismiss based on lack of jurisdiction. Dkt. No. 139 at ¶¶ 14-15.

## II. DISCUSSION

Notwithstanding the dismissal of the underlying action, a court "retains the authority to decide collateral issues such as the appropriateness of sanctions." *ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 80-81 (S.D.N.Y. 2016).

Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper" an "attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the "legal contentions are warranted by existing law" and the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b) & (b)(2)-(3). Rule 11(c) authorizes a court, "on its own," to order "an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). In determining whether to impose sanctions sua sponte, the Court does not ask whether an attorney acted in an objectively reasonable manner, i.e., as "any competent attorney would have done."

3

*See Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108-09 (2d Cir. 2013). Instead, the Court may issue sanctions sua sponte under Rule 11 "only upon a finding of subjective bad faith." *Id.* at 108. One district court has described subjective bad faith as "deliberate dishonesty" or a "willful intent to deceive," *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007), while another has defined it as "deliberate fraud or wrongdoing," *Cardona v. Mohabir*, No. 14-CV-1596 PKC, 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014) (quoting *Secs. & Exch. Comm'n v. Smith*, 798 F. Supp. 2d 412, 424 (N.D.N.Y. 2011), *aff'd in part, dismissed in part*, 710 F.3d 87 (2d Cir. 2013)).

Here, the evidence does not support a conclusion that Errant Gene acted with subjective bad faith in falsely stating that Errant Gene and Sloan Kettering Institute ("SKI") were diverse parties. According to Errant Gene's counsel, Errant Gene's records indicated that Charles Columbus was a Delaware resident. Dkt. No. 131 at 3. It is thus likely that Errant Gene's counsel was honestly mistaken about the residency of Charles Columbus, not "deliberate[ly] dishonest[]" about it. *Centauri Shipping Ltd.*, 528 F. Supp. at 201. And although Errant Gene's counsel have not explained how Sussmane came to have an "understanding" about Salman's membership or why Sussmane never confirmed his "understanding" with Salman, the Court finds no basis to conclude that counsel deliberately misrepresented or concealed the contours of Salman's membership in the limited liability company. Indeed, soon after learning that diversity was lacking, Errant Gene filed a motion to dismiss the action. *See* Dkt. No. 139 at ¶¶ 14-15.

Whether Errant Gene's seeming failure to conduct an initial investigation into diversity jurisdiction constitutes subjective bad faith is a harder question. On the one hand, Errant Gene's counsel have not provided any description of the initial investigation into diversity jurisdiction that they took before filing the complaint in this action, and they have not alleged that they were

4

unaware such an investigation was necessary. To the contrary, Sussmane knew that it was his "responsibility to determine whether diversity jurisdiction existed in this action." Dkt. No. 139 at ¶ 8. Yet Sussmane suggests that he only attempted to make that determination in 2011, four years before the instant action was filed, and then again in advance of a conference, a year after the case was filed. Inquiring into the company's citizenship four years before the action was commenced and then one year after the action was commenced does not satisfy the duty to ascertain the citizenship of parties at the time the action was commenced.

On the other hand, counsel have not admitted that they filed the complaint knowing that they had failed to satisfy their duty. *Cf. Cardona*, 2014 WL 1804793, at *4 (explaining that the attorney there had intentionally removed the case to what he knew was the wrong district). While "any competent attorney" would have known that simply relying on his years-old understanding of his client's citizenship was insufficient to determine diversity, there is no evidence that Errant Gene's counsel had that knowledge in this case. *See* Dkt. No. 140 at 1-2.

Ultimately, although the evidence shows that counsel were aware of their duty to ascertain the citizenship of Errant Gene at the time this action was commenced and that they failed to satisfy it, the evidence does not show that counsel were aware that they had failed to satisfy their duty. Without that knowledge, the Court cannot conclude that Errant Gene or its counsel acted in bad faith. Accordingly, the Court does not impose sanctions against Errant Gene or its counsel.

### III. CONCLUSION

Although the evidence supports a conclusion that Errant Gene's counsel failed to act in an objectively reasonable manner in determining whether diversity jurisdiction existed, it does

not support a conclusion that they acted with subjective bad faith. Sanctions imposed sua sponte pursuant to Rule 11 are thus not warranted.

SO ORDERED.

Dated: Dec 14, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge