UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| Errant Gene Therapeutics, LLC, |
| :--- |
| Plaintiff, |
| –v– |
| Sloan-Kettering Institute for Cancer Research, |
| Defendant. |

15-CV-2044 (AJN)(SDA)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On January 2, 2018, Magistrate Judge Stewart D. Aaron issued an Opinion and Order granting Defendant Sloan-Kettering Institute for Cancer Research's ("SKI") motion for attorney's fees, and ordering Plaintiff Errant Gene Therapeutics, LLC ("EGT") to pay SKI the sum of $88,339.00. *See* Dkt. No. 181 [hereafter, "January 2 Order"]. On January 16, 2018, Plaintiff filed objections to the Magistrate's determination.

Having reviewed Plaintiff's objections, for the following reasons the Court overrules the objections and upholds the attorney's fees award in full.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts at issue. For more background, the Court refers the reader to Judge Ellis's orders of June 5, 2017 and October 16, 2017, *see* Dkt. Nos. 149, 177, and Judge Aaron's January 2 Order. For the limited purpose here, the Court offers the following summary.

Magistrate Judge Ronald L. Ellis, to whom the matter was assigned for general pretrial supervision prior to his retirement, heard arguments on the parties' proposed protective orders, and issued an Opinion and Order on September 2, 2016 defining the scope of the "Attorneys'

1

Eyes Only" (AEO) designation to include highly confidential research, development, and commercial information. *See* Dkt. No. 77. On November 3, 2016 and February 8, 2017, SKI filed two motions to enforce the Court's Protective Order and to sanction EGT for using protected information to initiate actions in other jurisdictions. *See* Dkt. Nos. 100, 134. In its November 3 motion, SKI alleged that EGT's complaint against BlueBird Bio, Inc., filed in the Circuit Court of Cook County, Illinois on September 27, 2016, used information learned in discovery that was designated AEO and confidential. In its February 8 motion, SKI alleged another violation of the protective order with respect to information EGT used in filing a complaint in the New York Supreme Court on January 26, 2017.

On June 5, 2017, Judge Ellis issued an Opinion and Order finding that EGT did indeed violate the protective order in using AEO and confidential information obtained through discovery when filing both its Illinois and New York complaints. *See* Dkt. No. 149 at 7, 10 [hereafter, "June 5 Order"]. Judge Ellis enjoined EGT from further misuse of the AEO and confidential information obtained in this case, and ordered that EGT pay SKI's "reasonable attorneys' fees and costs of bringing these two motions for sanctions." *Id.* at 11.

Shortly thereafter, on June 16, 2017, SKI filed another motion asking the Court to issue an Order to Show Cause why EGT should not be held in contempt of Court for continuing to prosecute the New York action. Dkt. No. 150. Judge Ellis held a contempt hearing, called for post-hearing briefing on certain issues, and issued two opinions on October 16, 2017, the first denying EGT's request to de-designate 17 documents' AEO designations and to order reclassification of other documents, Dkt. No. 176, and the second denying SKI's request to hold EGT in contempt. Dkt. No. 177 [hereafter, the "October 16 Order"]. In the latter order, Judge Ellis held that EGT had met its burden of demonstrating that it had an independently-developed

factual basis for the allegations in its *amended* New York complaint and that EGT had not violated the Court's June 5 Order. October 16 Order at 17.

On January 2, 2018, Judge Aaron, to whom the referral was reassigned following Judge Ellis's retirement, disposed of the lingering issue of an appropriate fee award following the June 5 Order. In his Opinion and Order, Judge Aaron considered SKI's application for $122,100.20 in fees, adjusted downward the hourly rates and number of hours sought, and ordered EGT to pay $88,339 to SKI on its fee application. *See* January 2 Order at 4-6.

On January 16, 2018, EGT filed objections to the January 2 Order arguing, first, that it was unreasonable to award *any* legal fees to SKI in light of the subsequent ruling in the October 16 Order that EGT had an independent factual basis for its allegations, and, second, that the amount awarded was unreasonable or unjustified on various grounds. *See generally* Objections to Order of Magistrate Judge Awarding Attorneys' Fees ("Obj."), Dkt. No. 182. On January 30, 2018, SKI responded to EGT's objections. *See* SKI's Response to EGT's Objections to Order of Magistrate Judge Determining Amount of Attorneys' Fees ("Resp."), Dkt. No. 184.

## II. STANDARD OF REVIEW

As an initial matter, the parties dispute whether the January 2 Order is a nondispositive matter, review of which is governed by Federal Rule of Civil Procedure 72(a), or a dispositive matter under Rule 72(b). If nondispositive, review of the Order is subject to the standard of "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). If dispositive, the Court must conduct a *de novo* review of any part of the disposition that has been properly objected to. Fed. R. Civ. P. 72(b).

The Order is nondispositive. SKI's two motions for sanctions at issue in the June 5 Order were brought pursuant to Federal Rules of Civil Procedure 16 and 37, which govern sanctions for

3

discovery violations. "Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). While there are certain circumstances in which discovery sanctions have been deemed dispositive, those circumstances are inapplicable here. *See, e.g., Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 757 (E.D. Va. 2014) (deeming sanction designating one party the alter ego of another dispositive); *Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, 896 F. Supp. 2d 320, 324 n.3 (S.D.N.Y. 2012) (treating a contempt ruling as dispositive); *Cardiff v. Nat. Grange Mut. Ins. Co.*, 881 F. Supp. 2d 266, 268 (D.R.I. 2012) (striking portions of interrogatory answers as sanction merits de novo review). The only authority EGT has offered for the proposition that a monetary sanctions order of the type at issue here is dispositive is *Kiobel v. Millson*. 592 F.3d 78 (2d Cir. 2010). However, *Kiobel* focuses on Rule 11 sanctions, and at the very least, the two judges writing in *Kiobel* agree that the imposition of most sanctions under Rule 37 is nondispositive. *See id.* at 88 (Cabranes, J., concurring); *id.* at 97 (Leval, J., concurring); *accord Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 429 (N.D. Ill. 2012) ("[A]ll three members of the *Kiobel* panel agreed that Rule 37 sanctions were nondispositive matters, although they could not agree on how Rule 11 sanctions should be treated."). The only reason EGT provides for why this order is dispositive is that the action has been dismissed, but EGT offers no authority for the proposition that this requires the Court to treat the January 2 Order any different than it would another monetary sanctions order for a discovery violation.

Accordingly, the Court reviews Judge Aaron's January 2 Order under the "clearly erroneous" or "contrary to law" standard set forth in Rule 72(a).

4

## III. DISCUSSION

EGT proclaims that "[t]he evidentiary hearing (which was forced by SKI) established that there is no basis for imposition of any sanctions and the award of any legal fees to SKI is unreasonable." Obj. at 4. Plaintiff's essential argument is that because Judge Ellis found that EGT had an independent factual basis for the information in the amended complaint it filed in New York, it necessarily follows that the violations highlighted in his June 5 Order with respect to the previous complaints filed in New York and Illinois are somehow vitiated. Accordingly, Plaintiff argues that attorney's fees are no longer warranted.[1]

This interpretation reads the October 16 Order too broadly. Judge Ellis specifically distinguished his findings with respect to the *amended* complaint from the prior two sanctions orders. October 16 Order at 17 ("Unlike the prior two sanctions orders, here EGT has overcome the presumption that it improperly used protected material in another action because it attached its independently-verifiable documents as exhibits to the Amended New York State Complaint."). In fact, and as SKI notes, EGT purposefully amended the New York complaint to avoid use of the same discovery material that had placed them in hot water the first time. Resp. at 9, n.8 (citing Contempt Hearing Tr. 6:18-7:4).

Turning then to the January 2 Order at issue, EGT objects that Judge Aaron "neglected to take into consideration" the October 16 Order. Obj. at 1. This is incorrect. In the January 2 Order, Judge Aaron writes:

> EGT seems to argue that it should no longer be sanctioned pursuant to the June 5 Order, in view of Magistrate Judge Ellis's Opinion and Order, dated October 16,

---

[1] Judge Aaron dismissed EGT's arguments against the fee award in part because he viewed EGT as bringing a challenge to the June 5 Order "not properly before the Court," January 2 Order at 2, n.3, a possible grounds for overruling EGT's objections that SKI emphasizes here. *See* Resp. at 2-4. The Court need not reach this procedural issue, because whether the objections are timely or not, the Court concludes on the merits that Judge Aaron committed no clear error.

> 2017 (the "October 16 Order"), wherein Judge Ellis declined to hold EGI [sic] in contempt. ... [T]he October 16 Order draws a distinction between the situation presented in the October 16 Order and that presented by the "prior two sanctions orders," one of which was the June 5 Order.

January 2 Order at 2, n.3.

Thus, Judge Aaron addresses exactly this issue, and not only is his conclusion not "clearly erroneous," the Court would uphold this determination even under *de novo* review.[2]

EGT also objects to the specific monetary determination of the appropriate fee award, arguing that: 1) SKI offered no justification for the amount of hours billed by associates; 2) SKI did not meet its burden of establishing the reasonableness of fees claimed for its motion based on the Illinois complaint; 3) the Order failed to account for SKI's improper over-designation of documents; and 4) SKI's application was impermissibly vague.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). None of EGT's objections establish clear error on the part of Judge Aaron. Judge Aaron's thoughtful analysis considered whether the hourly rates requested were reasonable, and whether the number of hours billed by the partner and associates were reasonable, and made certain adjustments on each account, including, most significantly, reducing the number of hours billed by associate Leonie Huang from 172.2 down to 150 hours. January 2 Order at 4-5. EGT minimizes the complexity of the motions and underscores its mitigation of the harm done in the Illinois action by moving to voluntarily nonsuit, but, as Judge Aaron noted, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." January 2 Order at 3

---

[2] With one very minor caveat: The Court understands Judge Ellis's reference to the "prior two sanctions orders" to be referring solely to the June 5 Order, which disposed of two motions for sanctions. Accordingly, Judge Aaron's phrase "one of which was the June 5 Order" may be in error.

6

(quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). The fee award is reasonable to do "rough justice" and the Court cannot find Judge Aaron's conclusions clearly erroneous. Nor does this Court find SKI's contemporaneous time entries so vague as to require a finding that Judge Aaron committed clear error in not reducing SKI's recovery as a result.

Moreover, EGT's argument that the fee award fails to take into account SKI's alleged "over-designation" of documents as AEO is unavailing. There has been no judicial determination made of over-designation,[3] and so there is no basis for this Court to find that Judge Aaron committed clear error.

Finally, SKI argues that the Court, having been asked to review EGT's objections to the fee award, should now augment the fee award by $5,000 as a reflection of the additional fees SKI incurred in defending the award against the present objections. Resp. at 11-12. EGT's objections, while not persuasive, were also not frivolous, and the Court, in its discretion, declines to modify the award. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 ("What constitutes a reasonable fee is properly committed to the sound discretion of the district court[.]").

## IV. CONCLUSION

For the foregoing reasons, the Court overrules EGT's objections, and affirms the January 2 fee determination of $88,339.00. The Clerk is directed to enter judgment for attorney's fees in favor of SKI in that amount.

SO ORDERED.

Dated: June 21, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[3] In fact, regardless of the grounds for his ruling, Judge Ellis denied EGT's request to have documents de-designated. Dkt. No. 176.

7