**MANDATE**

18-2108
*Errant Gene Therapeutics, LLC v. Sloan-Kettering Institute for Cancer Research*

N.Y.S.D. Case #
15-cv-2044(AJN)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 19 2019

ERRANT GENE THERAPEUTICS, LLC,

> *Plaintiff-Appellant*,

v.                                                                                                    18-2108

SLOAN-KETTERING INSTITUTE FOR CANCER
RESEARCH,

> *Defendant-Appellee*.[*]

For Plaintiff-Appellant:        Kenneth Sussmane, McCue, Sussmane, Zapfel, Cohen & Youbi, P.C., New York, NY.

For Defendant-Appellee:   Charles A. Weiss, Holland & Knight LLP, New York, NY.

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

MANDATE ISSUED ON 06/19/2019

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Errant Gene Therapeutics, LLC ("EGT") appeals from a June 21, 2018 Memorandum Opinion and Order of the United States District Court for the Southern District of New York (Nathan, *J.*), affirming Magistrate Judge Aaron's January 2, 2018 Opinion and Order ("January 2 Order") granting Defendant-Appellee Sloan-Kettering Institute for Cancer Research's ("SKI") motion for attorneys' fees and ordering EGT to pay SKI $88,339. These fees were incurred by SKI in connection with two motions, each made pursuant to Fed. R. Civ. P. 37, that had resulted in an earlier order, issued on June 5, 2017 ("June 5 Order"), concluding that EGT twice violated a Protective Order by filing complaints in Illinois and New York state courts that used protected discovery information. EGT never objected to the June 5 order. Still another order, issued on October 16, 2017 ("October 16 Order"), determined that EGT had not committed an additional violation of the Protective Order by filing an *amended* version of its New York complaint. EGT now challenges (1) the award of attorneys' fees to SKI; and (2) the amount of attorneys' fees calculated by Magistrate Judge Aaron. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

Both the June 5 Order and the January 2 Order are nondispositive, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990),[1] and as such, the dictates of Fed. R.

---

[1] EGT argues that the question whether orders imposing monetary sanctions under Rule 37 are nondispositive or dispositive is unsettled in this Circuit, relying on this Court's decision in *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010). However, *Kiobel* was a case concerning sanctions under Fed. R. Civ.

2

Civ. P. 72(a) apply. Rule 72(a) requires parties to object to orders within 14 days, else the objection is waived. *See* Fed. R. Civ. P. 72(a). We review district court decisions relating to discovery sanctions under Rule 37, including decisions as to the amount of sanctions, for abuse of discretion. *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 627, 630–33 (2d Cir. 2018).

EGT first challenges the attorneys' fees award by arguing that the October 16 Order, which concluded that EGT had not committed an additional violation of the Protective Order by filing an amended version of its New York complaint, superseded and rendered invalid the June 5 Order, in which the district court determined that the Protective Order *had* been violated on two earlier occasions. We disagree with EGT, as did the magistrate judge and the district judge. The October 16 Order specifically distinguished its findings and conclusions from those in the June 5 Order:

> *Unlike the prior two sanctions orders* [the June 5 Order], here EGT has overcome the presumption that it improperly used protected material in another action because it attached its independently-verifiable documents as exhibits to the Amended New York State Complaint. Given that the *Amended* New York Complaint did not rely on protected information, EGT was not required to request permission from the Court to amend the complaint.

JA-415 (emphases added). Despite contemplating the June 5 Order, the October 16 Order declined to overrule, modify, or otherwise call into question that Order. EGT's argument that the

---

P. 11, and while each of the judges on that panel wrote separate concurrences expressing their views on how to characterize *Rule 11* sanction orders, all three judges agreed that *Rule 37* orders imposing discovery sanctions are nondispositive under *Hoar*. *See id.* at 88 (Cabranes, *J.*, concurring) (noting that Rule 37 orders are nondispositive because of "a magistrate judge's statutory, institutional, and historical authority over discovery proceedings"); *id.* at 97 (Leval, *J.*, concurring) ("[W]e held in *Hoar* that imposition of a monetary sanction—that is, a sanction that does not dispose of a party's claim or defense—is a 'nondispositive' matter . . . ."); *id.* at 106 (Jacobs, *J.*, concurring) (noting that *Hoar* held that "magistrate judges may impose sanctions under Rule 37 of the Federal Rules of Civil Procedure for noncompliance with discovery orders"). The orders at issue in this case were Rule 37 orders. *Kiobel* thus provides no support for EGT's view that the June 5 and January 2 Orders were dispositive.

3

district court "should not have awarded fees to SKI based on SKI's November 3, 2016 and February 8, 2017 motions for sanctions," Appellant Br. 16, is ultimately a challenge to the June 5 Order imposing sanctions on EGT. But EGT never objected to the June 5 Order, as required by Rule 72(a). Any challenge to the imposition of sanctions contained in the June 5 Order is therefore waived.

EGT raises two arguments as to the amount of attorneys' fees awarded to SKI. First, EGT again argues that the October 16 Order vitiates the findings of the June 5 Order. However, for the reasons already mentioned, Judge Nathan did not abuse her discretion by concluding that the October 16 Order did not disturb the conclusion in the June 5 Order that EGT had twice violated the Protective Order. Second, EGT incorporates its arguments raised in the district court against the amount of sanctions determined by Magistrate Judge Aaron. *See* Appellant Br. 31 (arguing that "any award to SKI should have also been reasonably reduced consistent with the arguments raised by EGT" in the court below). But "[a]ppellants do not preserve questions for appellate review by '[m]erely incorporating an argument made to the district court' by reference in their brief.'" *Lederman v. N.Y.C. Dep't of Parks and Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) (quoting *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996)). We thus decline to consider the arguments not properly briefed before this Court.

\* \* \*

We have considered EGT's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4